

**SIGNED this 26 day of January, 2006.**

_____
R. Thomas Stinnett
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | No. 05-10593 |
| KENNETH DEWAYNE HUGHES | ) | |
| DENISE HUGHES, | ) | Chapter 7 |
| | ) | |
| Debtors | ) | |

**M E M O R A N D U M**

This matter is before the court on the trustee's objections to the allowance of claim 3 of Discover Bank; claim 4 of Discover Bank; claim 5 by Chase Manhattan Bank USA, N.A.; claim 6 of GE Money Bank, d/b/a JC Penney Dual Card; claim 7 of GE Money Bank, d/b/a Sam's Club Consumer; claim 8 of GE Money Bank, d/b/a Mervyn's; claim 12 of Citibank (USA); and claim 13 of Citibank (USA). Having considered the objections and taken judicial notice of the debtors' schedules and the creditors' proofs of claims, the objections will be overruled.

On January 28, 2005, the debtors filed the voluntary petition commencing this case. Their schedule of unsecured debts disclosed unsecured claims to Chase Manhattan in the amount of $8,981.44; to Discover in the amount of $12,180.02; to JC Penney in the amount of $742.64; and to Sam's Club in the amount of $345.91.  The schedule did not list these debts as disputed, contingent, or unliquidated.   On April 20, 2005, Discover Bank filed two proofs of claims, asserting  claims in the amounts of $7,725.22 and $4,964.96.  The only supporting documentation included a Statement Summary reflecting beginning and ending balances and a power of attorney by Discover Bank appointing Discover Financial Services, Inc., as its attorney in fact for, *inter alia*, bankruptcy purposes.  On April 25, 2005, Chase Manhattan Bank USA, N.A. filed an unsecured claim in the amount of $9,254.84. On April 25, 2005, Recovery Management Systems Corporation (hereinafter RMSC) filed unsecured claims in the amounts of $779.88 and $380.81 for JC Penney and Sam's Club, respectively.  Also on April 25, 2005, RMSC filed an unsecured claim in the amount of $117.44 for Mervyn's.  On July 25, 2005, Citibank (USA) N.A. filed two proofs of claims in the amounts of $319.57 and $263.23.  The debtors had not scheduled the Mervyn's or Citibank claims in their schedules of unsecured, non-priority debts. Documentary evidence attached to these claims includes statements setting forth the alleged balances of the accounts.  The trustee objected to the creditors' claims on October 4, 2005, affording  30 days within which to respond to the objections in accordance with local rule.  No response was timely filed.

Section 501 of the Bankruptcy Code provides for the filing of proofs of claim, and § 502(a) provides that, when a proof of claim is filed under § 501, the claim asserted thereby

is deemed allowed unless a party in interest objects. Rule 3001 of the Federal Rules of Bankruptcy Procedure specifies the form, content, and evidentiary effect of proofs of claim. Rule 3001(a) requires substantial conformity with the official form, which requires the attachment of "copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. . . . If the documents are not available, explain. If the documents are voluminous, attach a summary." Rule 3001(c) specifically mandates that, "[w]hen a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." Rule 3001(f) states: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

Except as noted herein, the creditors did not file supporting documentation with their proofs of claims. Accordingly, assuming the claims are based on a writing, the proofs of claims were not executed and filed in accordance with the Bankruptcy Rules, and so do not constitute prima facie evidence of the validity and amount of the claims. *E.g.*, *In re Shank*, 315 B.R. 799, 808-12 (Bankr. N.D. Ga. 2004); *In re Kemmer*, 315 B.R. 706, 713, 716 (Bankr. E.D. Tenn. 2004); *In re Jorczak*, 314 B.R. 474, 481 (Bankr. D. Conn. 2004); *In re Hughes*, 313 B.R. 205, 208 (Bankr. E.D. Mich. 2004). However, the court may not disallow the claims solely on that basis. *E.g.*, *In re Stoecker*, 5 F.3d 1022, 1028 (7th Cir. 1993); *Dove-Nation v. eCast Settlement Corp. (In re Dove-Nation)*, 318 B.R. 147, 152 (B.A.P. 8th Cir. 2004); *In re Burkett*, 329 B.R. 820, 828-29 (Bankr. S.D. Ohio 2005); *In re Guidry*, 321

B.R. 712, 714 (Bankr. N.D. Ill. 2005); *In re Mazzoni*, 318 B.R. 576, 578 (Bankr. D. Kan. 2004); *Shank*, 315 B.R. at 811-12; *Kemmer*, 315 B.R. at 713, 716; *Jorczak*, 314 B.R. at 481. Rather, the debtor or the trustee must allege a "good faith theory that might require disallowance or reduction." *E.g.*, *Burkett*, 329 B.R. at 829; *Shank*, 315 B.R. at 811; *In re Cluff*, 313 B.R. 323, 331-32 (Bankr. D. Utah 2004); *see Dove-Nation*, 318 B.R. at 152; *Kemmer*, 315 B.R. at 716; *Hughes*, 313 B.R. at 208. Section 502(b) of the Bankruptcy Code lists the grounds for disallowance, and the failure to attach supporting documentation to the proof of claim is not among them. *E.g.*, *In re Heath*, No. CC-04-1324-MOBMA, ND 03-10028-RR, 2005 WL 2508142, at *8 (B.A.P. 9th Cir. Sept. 29, 2005); *In re Shaffner*, 320 B.R. 870, 876 (Bankr. W.D. Mich. 2005); *Shank*, 315 B.R. at 812; *Cluff*, 313 B.R. at 331-32; *see Dove-Nation*, 318 B.R. at 152.[1]

One bankruptcy court has explained that whether a proof of claim has the effect of prima facie proof is significant only in the context of an evidentiary hearing:

> The debtors' claim objections raised no factual dispute requiring a hearing. If eCAST's proofs of claim are analogized to complaints – as is commonly done – then the debtors' objections are like motions to dismiss for failure to state a claim on which relief can be granted. The debtors do not deny any of the factual allegations of the proofs of claim; rather, their objections assert that an evidentiary hearing is unnecessary because of eCAST's noncompliance with Rule 3001(c). Thus, the question is not the evidentiary impact of noncompliance with the rule, but whether noncompliance itself renders a claim subject to disallowance. As already noted, it does not.

---

[1] The court specifically rejects any argument that the lack of supporting documentation renders the proof of claim a nullity, such that no proof of claim has been "filed under section 501 of this title" as a matter of law. *See Barlow v. M.J. Waterman & Assocs. (In re M.J. Waterman & Assocs.)*, 227 F.3d 604, 608-09 (6th Cir. 2000) (proof of claim need only be in writing, contain a demand by creditor, express intent to hold debtor liable, and be filed with bankruptcy court).

> Of course, if the debtors had raised a valid ground for disallowance in their claim objections – such as a denial that they actually owed the debts asserted – an evidentiary hearing would have been required. In that situation, eCAST's noncompliance with Rule 3001(c) would have resulted in eCAST having the burden of going forward with evidence at the trial; it could not have relied on its proofs of claim as prima facie evidence that the debtors were liable for the claims asserted. Indeed, if there were facts in dispute as to which the writings required by Rule 3001(c) would have been relevant, the debtors might properly have enforced the Rule's requirement through discovery. All of this, however, is merely speculative here, since the debtor's claim objections set forth no basis for disallowance of the claims that required any evidentiary hearing.

*Guidry*, 321 B.R. at 715 (citations omitted); *accord*, *Heath*, 2005 WL 2508142, at *9. Likewise, in this case, the objections do not include allegations that the debtors do not owe the debts set forth herein, that the amounts of the proofs of claims are overstated, that the statute of frauds bars enforcement of the debt, or any other allegation giving rise to an issue of fact regarding any of the grounds for disallowance set forth in 11 U.S.C. § 502(b). Indeed, the debtors' schedules acknowledge that they owe debts to Chase Manhattan Bank, Discover, JC Penney, and Sam's Club, albeit in amounts less than the amounts stated on the proofs of claims. Accordingly, although these creditors could not rely on their proofs of claims at an evidentiary hearing, no such hearing is required because the trustee has not asserted a valid ground for disallowance.

The court is not suggesting that an evidentiary hearing is always required. If a trustee can, in good faith, allege that the debtors did not owe the debt at the commencement of the case, or that the debtors do not owe the amount stated in the proof of claim and Rule 3001(f) is inapplicable (such as if supporting documentation is not attached) so that the proof of claim does not constitute prima facie evidence of the validity and amount of the claim, it may be appropriate to sustain the objection without a hearing in the absence of a

timely response – particularly if the objection is verified or supported by the debtors' affidavit. In this case, however, the trustee has not denied the validity or amount of the debts, so the creditors were not required to respond. *Heath*, 2005 WL 2508142, at *11. If the trustee had alleged that the amounts of the debts are overstated in the proofs of claims, it may have been appropriate to sustain the partial objection in that the only evidence before the court would be the schedules (signed by the debtors under oath), perhaps a verified objection or affidavit to the same effect, and the face of the proof of claim.[2] *See, e.g., Burkett*, 329 B.R. at 829-30; *In re Relford*, 323 B.R. 669, 676 (Bankr. S.D. Ind. 2004); *Jorczak*, 314 B.R. at 481-82.

Here, as in the *Kemmer* case, the trustee's sole argument is that the claims should be disallowed in their entirety because of the creditors' failure to attach documentation to the otherwise valid claims. *Kemmer*, 315 B.R. at 717. If the court accepts the trustee's argument, a fundamental policy of 11 U.S.C. § 726(b) will be thwarted in that equality of distribution to like-situated creditors will not result. *See, Kessler v. United States Trustee (In re: Kessler)*, 142 B.R. 796, 800 (W.D. Mich. 1992). Furthermore, his argument will require the court to find a non-statutory ground interposed by Rule 3001(c) by which to disallow claims. Since the trustee has not met his burden of proof by challenging the validity and legal sufficiency of the debts owed to these creditors, his objections to claims will be overruled.

# # #

---

[2] A proof of claim (signed under penalty of a fine or imprisonment) is evidence of the claim, even if it is not prima facie evidence. *Cluff*, 313 B.R. at 337-38.